```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

 Feifei Gu,

                    Plaintiff,             MEMORANDUM & ORDER
                                           24-cv-6157(EK)(LB)

         -against-

 Police Officer Michael Sher, Police
 Officer Steven Vitelli, Governor
 Kathy Hochul, State of New York, Hang
 Chen, Emily Hui Chen Liang, Susana
 Chong Chen,

                    Defendants.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Feifei Gu filed this action, seeking redress for the violation of her "constitutional and civil rights," including under the First, Fourth and Eighth Amendments to the Constitution.  Proceeding *pro se*, she also seeks injunctive relief: specifically, a temporary restraining order "enjoining the defendant[s] . . . from prosecuting" a pending criminal case in New York state court.  ECF Nos. 1 & 4.  The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  For the reasons discussed below, however, the Complaint is dismissed, and Gu's request for injunctive relief is denied as moot.  *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] As discussed in Section F below, Gu is a repeat filer in this district.  This is her fourth action seeking relief in connection with the

## I. Background

The following facts are taken from plaintiff's Complaint and the state court documents appended to it. ECF No. 1; *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings.").

On or about January 1, 2024, plaintiff was arrested and charged with criminal mischief. The district attorney apparently alleges that she destroyed a security camera on the property at which she is a tenant. ECF No. 1 at 3, 13.[2] Gu brings this action against the arresting officers, Governor Kathy Hochul, the State of New York, and certain private individuals. Plaintiff's criminal action is presently pending in Kings County Criminal Court. *People v. Gu*, No. CR-001793-24KN; *see also* ECF 1 at 1 (describing the criminal case as "still pending").

Gu's landlord also sued her civilly in New York State Supreme Court (Kings County). *See 252685 St. LLC v. Gu*, No. 50580/2024. Gu attached to her complaint a May 10, 2024 decision from that court. The order enjoins her from destroying

---

same state criminal case. *See Gu v. Chen et al.*, No. 24-cv-4756; *Gu v. Chen et al.*, No. 24-cv-5113; *Gu v. Didonato et al.*, No. 24-cv-5179.

[2] Page citations to the Complaint and Order to Show Cause refer to ECF pagination.

her landlord's property, from placing cameras on the landlord's property (outside her own apartment), and from publicly posting any remarks or reviews about the plaintiffs, Re/Max, or the plaintiffs' attorneys.  ECF No. 1 at 16.  She also alleges that she was enjoined from "initiating Pro Se lawsuits."  ECF 1 at 8.

Plaintiff asserts four claims here.

First, she seeks an order from this Court staying the state criminal prosecution, on the ground that it violates her Fourth Amendment rights.  ECF No. 1 at 5, 10.  The Court construes this claim as brought under 42 U.S.C. § 1983.

Second, Gu seeks a declaration that the criminal statute she is accused of violating — New York Penal Law 145.00(1) — is unconstitutional under the Eighth Amendment.  *Id.* at 7.

Third, Gu seeks a declaration that two orders issued in her landlord's civil action are unconstitutional, as well as a stay of those orders.  *Id.* at 8, 10 (describing the state injunction as "a clear violation of First Amendment rights").

Fourth, Gu claims seeks "compensation of $1 Billion against each Defendant," asserting that the private defendants conspired to violate her First Amendment rights.  *Id.* at 9, 10.  The Court also construes this claim under Section 1983.[3]

---

[3] Because Gu specifies the specific relief she seeks in each of her first three causes of action, we understand this request for money damages to

## II.  Standard of Review

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[4] 28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in a complaint are

---

be made in connection with her Fourth Cause of Action (against the private defendants).

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Additionally, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court lacks subject matter jurisdiction when it does not possess the "statutory or constitutional power" to adjudicate the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As discussed below, certain abstention doctrines may operate to deprive district courts of jurisdiction.

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

**A.   Gu's Fourth Amendment Claim**

The Court construes plaintiff's First Cause of Action — in which she alleges a Fourth Amendment and asks for this Court to intervene in her state criminal prosecution — as

5

brought under Section 1983.  That Statute provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

Plaintiff's claim for injunctive relief is barred under *Younger v. Harris*, 401 U.S. 37 (1971), which held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  *Id.* at 46-49.  Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to her criminal proceedings.  The Court cannot, therefore, intervene in that proceeding.  *See, e.g.*, *Sumpter v. Bassett*, No. 24-CV-2303, 2024 WL 3938044, at *1 (E.D.N.Y. Aug. 26, 2024); *Wilburn v. Nguyen*, No. 23-CV-4082, 2023 WL 4163510, at *2 (E.D.N.Y. June 23, 2023).  Therefore, this claim is dismissed for lack of subject matter jurisdiction.  *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). ("When *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

B.   **Eighth Amendment Claim**

Plaintiff seeks a declaration that the criminal-mischief statute under which she is being prosecuted, New York Penal Law 145.00(1), violates the Eighth Amendment.  The Court construes this claim as a request for a declaratory judgment.  *See* 28 U.S.C. § 2201(a).

District courts have discretion to determine whether and when to entertain declaratory judgment actions.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).  The Second Circuit identified six factors relevant to this determination in *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023).[5]  Those factors counsel against the exercise of such discretion here.

The fourth factor is particularly implicated here.  It asks "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court." *Admiral Ins. Co.*, 57 F.4th at 100.  Plaintiff is essentially asking this Court to supervise an ongoing criminal prosecution in the state.

---

[5] The six factors are: "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved"; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to *res judicata*; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction." *Admiral Ins. Co.*, 57 F.4th at 99-100.

7

Plaintiff also runs into difficulty with the first *Admiral Insurance* factor — whether a declaratory judgment would helpfully clarify an opaque or unsettled legal issue. The Eighth Amendment law at issue seems relatively well-settled, at first blush, and the pleadings suggest no reason that the state courts cannot apply that law in Gu's case.[6] *Id.* Based on these and other factors, the Court declines to entertaining the request for declaratory judgment.

## C. First Amendment Claim

In her Third Cause of Action, Plaintiff seeks a declaration that "two State Orders" in her Kings County Supreme Court case are "unconstitutional in violation of the First Amendment." ECF No. 1 at 10. She asks this Court to stay the execution of those orders. *Id.*

This claim, too, is barred under *Younger v. Harris*. In addition to state criminal prosecutions, *Younger* abstention is appropriate in civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). This doctrine honors the "strong federal policy against federal-court interference with pending state judicial proceedings

---

[6] "The Eighth Amendment's protection does not apply until after conviction and sentencing." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)).

8

absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, (1982).

*Younger* abstention is "mandatory" when "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).  In the Second Circuit, a state interest is "important" for the purposes of *Younger* abstention when "the state action concerns the central sovereign functions of state government."  *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir.2001)

Plaintiff's claim falls comfortably within the category of cases where abstention is mandatory.  First, the state civil case is still pending.  *See* ECF No. 1 at 19 (indicating that plaintiff has a hearing scheduled case on November 13, 2024).

Second, the state courts' power to issue and manage injunctions is undeniably an important sovereign function, and it would surely impede the state's ability to exercise that power if injunctions were effectively subject to interlocutory appeal to a federal court.  The Second Circuit has invoked *Younger* in similar circumstances, abstaining from entertaining a request to vacate a state-issued orders staying certain

9

foreclosure proceedings. *Toczek v. Alvord,* 841 F. App'x 263, 266 (2d Cir. 2021). The orders, the Court of Appeals held, were "uniquely in furtherance of the state courts' ability to perform their judicial functions" and implicated the "state's interest in enforcing the orders and judgments of its courts." *Id.*; *see also Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.,* 805 F.3d 425, 427 (2d Cir. 2015) (*Younger* abstention warranted when federal challenge "implicate[d] the way that New York courts manage their own divorce and custody proceedings — a subject in which the states have an especially strong interest"); *In re Standard & Poor's Rating Agency Litig.,* 23 F. Supp. 3d 378, 410 (S.D.N.Y. 2014) (refusing to intervene in state consumer-protection actions due to the state's strong interest in the earlier-filed litigation).

Third, plaintiff has a full opportunity for judicial review in the state system — both at the Supreme Court level and (if needed) at the Appellate Division. *See generally Earls v. N. Carolina Jud. Standards Comm'n,* 703 F.Supp.3d 701, 716-17 (M.D.N.C. 2023) (abstaining pursuant to *Younger* where state courts afforded an adequate remedy for plaintiff's First Amendment claims).

Thus, plaintiff's claim meets the *Spargo* conditions. This claim, too, will be dismissed for lack of jurisdiction. *See*

10

*Weiss*, 2024 WL 2837623, at *2 (affirming district court's *Younger* dismissal for lack of jurisdiction).

**D.    First Amendment Conspiracy Claim**

In Gu's Fourth Cause of Action, she alleges that three defendants, Hang Chen, Emily Hui Hui Chen Liang, and Susana Chong Chen, "conspired to violate [her] First Amendment rights." ECF No. 1 at 9.

Section 1983 only applies to state actors. *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996).  "To state a claim against a private entity on a Section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."  *Spear v. West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against a private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

Gu alleges no facts indicating that any of the defendants sued pursuant to this claim are state actors.  ECF No. 1 at 1.  Additionally, no facts are alleged that would plausibly demonstrate a conspiracy between the individual defendants and the State.  Therefore, this claim is dismissed.

**E.    Request for Injunctive Relief**

11

In her "emergency" application for a temporary restraining order, Plaintiff seeks to enjoin her state court criminal prosecution. A party seeking injunctive relief must establish, among other things, some likelihood of success on the merits. For the reasons discussed above, Plaintiff cannot make that showing.

Given the dismissal of the complaint, her request for injunctive relief is denied as moot. *See generally Gonzalez v. Conn. Dept. of Correction*, 2021 WL 1923785, at *23 (D. Conn. May 13, 2021) (denying request for injunctive relief as moot after dismissal of complaint); *Word v. Croce*, 169 F. Supp. 2d 219, 222 (S.D.N.Y. 2001) (same).

**F.   Filing Injunction Warning**

The Court notes that this is the fourth action that plaintiff has brought concerning her January 1, 2024 arrest and subsequent prosecution for criminal mischief. *See Gu v. Chen et al.*, No. 24-cv-4756; *Gu v. Chen et al.*, No. 24-cv-5113; *Gu v. Didonato et al.*, No. 24-cv-5179. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). Plaintiff is warned that the future filing of

12

repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting her from making future filings seeking *in forma pauperis* status without leave of the Court.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).

## IV.  Conclusion

For the foregoing reasons, the Complaint is dismissed in its entirety.  Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's First Amendment conspiracy and Eighth Amendment claims are dismissed with prejudice because amendment would be futile.  *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).  Plaintiff's claims regarding her state court prosecution and her First Amendment objections to the state court orders are dismissed without prejudice.  *See Katz v. Donna Karan Co., L.L.C.,* 872 F.3d 114, 116 (2d Cir. 2017) (dismissal for lack of subject matter jurisdiction must be without prejudice).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of the Memorandum and Order to the Plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied

for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                   /s/ Eric Komitee
                                                                  ERIC KOMITEE
                                                                  United States District Judge

Dated:     September 20, 2024
              Brooklyn, New York